UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **WILLIAMS TRUCKING, INC.,** | ) | **CASE NO.1:08CV2058** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **NESTLE, INC.,** | ) | **OPINION AND ORDER** |
| | ) | |
| **Defendant.** | ) | |

## CHRISTOPHER A. BOYKO, J:

On Monday, April 26, 2010, the Court held an evidentiary hearing on Plaintiff's standing to bring suit when its Articles of Incorporation had been cancelled prior to filing its action. Upon consideration of the evidence presented at the hearing and on briefs, the Court finds Plaintiff has standing to continue the suit.

The Court first became aware of this potential problem on February 26, 2010, when Plaintiff's counsel stated, at oral argument on motions for summary judgment, that he did not know if Williams Trucking was a continuing entity. The Court, acting upon its *sua sponte* authority to determine its jurisdiction, investigated the Ohio Secretary of State's business filings records, and discovered Williams Trucking's Articles of Incorporation were cancelled in December 2006 for failure to file its franchise tax report. Williams Trucking brought the instant

breach of contract action against Nestlé in June 2008, approximately two years after its Articles of Incorporation were cancelled.

According to *Bain Builders v. Huntington National Bank*, No. 78442, 2001 WL 777011, (Ohio App. 8th Dist. July 5, 2001), an entity that has its Articles of Incorporation cancelled lacks standing to bring an action apart from certain activities incident to winding up the corporation's affairs.  O. R. C. §1701.88(A) states that when the articles of a corporation have been canceled, "the corporation shall cease to carry on business and shall do only such acts as are required to wind up its affairs." The Eighth District Court of Appeals in *Bain* held, "the corporation continues to exist for the purpose of winding up its affairs. Any lawsuit maintained by the corporation must be for that purpose or based on an existing claim or one that would have accrued against it." *Id.*, citing *Diversified Property Corp. v. Winters Natl. Bank & Trust Co.* (1967), 13 Ohio App.2d 190, 193; *St. Clair Builders v. Aetna Cas. & Sur. Co.* (1992), 81 Ohio App.3d 675, 680; *Mack Constr. Dev. Corp. v. Austin* (1989), 65 Ohio App.3d 402, 405-6.  The Eighth District Court held that a breach of contract claim, filed by a corporation after its Articles of Incorporation were cancelled, did not involve winding up the corporation's affairs and the corporate plaintiff lacked standing to institute its breach of contract action.

Plaintiff's President Carl Williams contends he was unaware that Williams Trucking's Articles of Incorporation were cancelled in 2006.  Records from the Ohio Secretary of State's website show that John Alden was the statutory agent at that time.  Notice of the cancellation was sent to John Alden but Carl Williams claims he has not spoken to Alden in years.  Since allegedly becoming aware of the cancellation, Williams has had the Articles reinstated. According to Williams, Ohio law treats the reinstatement as if no cancellation occurred provided Carl Williams did not have knowledge of the cancellation in the first place.  Plaintiff states in its

brief "O. R. C. 5733.21 prohibits a cancelled corporation from doing business or attempting to exercise any right or privilege of the corporation. If an agent for a cancelled corporation acts without knowledge of the cancellation; O. R. C.  5733.22(C) establishes the retroactive restoration of a cancelled corporation's rights upon reinstatement as follows":

> (C) Notwithstanding a violation of section 5733.21 of the Revised Code, *upon reinstatement of a corporation's articles of incorporation in accordance with this section, neither section 5733.20 nor section 5733.21 of the Revised Code shall be applied to invalidate the exercise or attempt to exercise any right, privilege, or franchise on behalf of the corporation by an officer, agent, or employee of the corporation after cancellation and prior to the reinstatement of the articles*, if the conditions set forth in divisions (B)(1)(a) and (b) of section 1701.922 of the Revised Code are met. *(emphasis added).*

Upon reinstatement of the articles of incorporation, the exercise of any rights on behalf of Williams Trucking during the cancellation period "has the same force and effect as if the articles had not been cancelled," if ORC § 1701.922(B)(1)(a) and (b) are satisfied. *Central Funding, Inc.v. CompuServe Interactive Services, Inc.*, No. 02AP-972, 2003 WL 22177226, (Ohio Tenth Appellate District, Sept. 23, 2003)). O. R C.  § 1701.922(B)(1) sets forth the following two conditions that must exist for a corporation to maintain a claim upon reinstatement:

> (a) The exercise of or an attempt to exercise the right, privilege, or franchise was within the scope of the corporation's or association's articles of incorporation that existed prior to cancellation;
> (b) The officer, agent, or employee had no knowledge that the corporation's or association's articles of incorporation had been canceled.

Plaintiff claims it has satisfied the above conditions as the breach of contract claim is within its rights to assert and no officer of Williams had knowledge the Articles of Incorporation were cancelled.

Nestle counters that John Alden was never the statutory agent; rather Carl Williams has been the statutory agent since 1994. Even if the State of Ohio made a mistake by sending notice of the cancellation to Alden, Carl Williams, as President of Williams Trucking has to sign Williams Trucking's corporate tax forms every year. According to Nestle, it is impossible Carl Williams did not know his companies' Articles of Incorporation were cancelled in 2006.

After considering the evidence, the Court finds Plaintiff Williams Trucking, Inc. has standing to pursue the claims contained in its Complaint. Plaintiff made an oral objection at the hearing to the Court's contention that the issue of standing is jurisdictional. Plaintiff's objection was a general objection without further development. The Court finds Plaintiff's objection is without merit. "Article III, § 2, of the Constitution confines federal courts to the decision of 'Cases' or 'Controversies.' Standing to sue or defend is an aspect of the case-or-controversy requirement."*Arizonans for Official English v. Arizona,* 520 U.S. 43, 64 (1997) citing *Northeastern Fla. Chapter, Associated Gen. Contractors of America v. Jacksonville,* 508 U.S. 656, 663-664, (1993). As the Sixth Circuit and United States Supreme Court have repeatedly held, standing is a threshold issue that courts may address *sua sponte*. *Community First Bank v. the National Credit Union Administration,* 41 F.3d 1050, *2 (6th Cir. 1995) " The federal courts are under an independent obligation to examine their own jurisdiction, and standing 'is perhaps the most important of [the jurisdictional] doctrines.'" *United States v. Hays*, 515 U.S. 737, 742 (1995) quoting *FW/PBS, Inc. v. Dallas,* 493 U.S. 215, 230-231(1990). "The standing Article III requires must be met by persons seeking appellate review, just as it must be met by persons appearing in courts of first instance." *Arizonans,* 520 U.S. at 64. Therefore, the Court finds it always has an independent obligation to review its jurisdiction over a matter and standing is a jurisdictional issue that the Court may raise *sua sponte*.

Plaintiff further argued it is not its burden to prove standing when the issue is raised by the Court. Again, the Court finds Plaintiff's argument lacks merit.  It is the burden of the party claiming subject matter jurisdiction in federal court to prove it has standing to bring its claims. See *Stalley v. Methodist Healthcare,* 517 F.3d 911, 916 (6th Cir.2006).  Therefore, Plaintiff must demonstrate it has standing to assert its claims.

At the evidentiary hearing, the Plaintiff's President Carl Williams testified that John Alden was its statutory agent at the time the Articles of Incorporation were cancelled.  Williams further testified that he had not spoken to Alden in many years.  The Ohio Secretary of State sent a letter to Alden notifying him that the Articles of Incorporation of Williams Trucking, Inc. were cancelled.  There has been no evidence to contradict Carl Williams' sworn testimony that he did not know the Articles of Incorporation were cancelled.  Upon notice by this Court, Williams promptly had its Articles reinstated.  Therefore, under O.R.C. § 5733.22, Williams Trucking has standing to pursue its claims in this Court and the case will proceed on the merits.

IT IS SO ORDERED.

  S/Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge

April 30, 2010